FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 15 2009 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
DR. GERALD FINKEL, as Chairman of the Joint
Industry Board of the Electrical Industry,

                         Plaintiff,

- against -

MJC ELECTRIC, INC. and MICHAEL
CASTELLANO,

                         Defendants.
------------------------------------------------------------------x

Civil Action No.
08-CV-3125 (JG)(JO)

## DEFAULT JUDGMENT

This action having been commenced on July 31, 2008 by the filing of the Summons and Complaint; a copy of the Summons and Complaint having been served on MJC Electric, Inc. (the "Company") and Michael Castellano ("Castellano") on August 11, 2008 by personal service; proofs of service having been filed with the Court on August 18, 2008; defendants not having answered the Complaint; and the time for answering the Complaint having expired; defendants' default having been entered; the default being willful because of the failure of defendants to answer, prejudicial to the plaintiff in light of the statutory policy favoring the efficacious resolution of collection actions by employee benefit funds under ERISA; and the defendants lacking meritorious defenses;

NOW, upon application of plaintiff and upon the accompanying Statement of Amounts Due and the Declaration of Bradley J. Sollars submitted pursuant to Local Rule 55.2, setting forth the amounts that the defendants are indebted to plaintiff, it is hereby

ORDERED, ADJUDGED AND DECREED that

The Company and Castellano are liable, jointly and severally, for and shall pay the amount of $333,276.93 in damages to plaintiff, which amount represents unpaid required contributions, interest on unpaid and late-paid contributions, liquidated damages, and attorney's fees and costs as required under Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), and $38.74 per diem as follows:

(e) $230,667.90 in unpaid contributions to all Plans

(f) $10,097.02 in interest on the unpaid and late-paid contributions due, plus $38.74 per diem through the date of payment of the unpaid contributions; and

(g) $88,607.26 in liquidated damages equal to twenty (20) percent of the unpaid and late-paid contributions due to the ERISA Plans; and

(h) $3,904.75 in attorney's fees and costs for the prosecution of this action.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Company shall submit, within ten days after service of a copy of this Order upon the defendant, weekly payroll reports to plaintiff for all payroll weeks for which such reports have not been submitted as of the date judgment is entered and shall continue to submit the weekly payroll reports when due thereafter, and

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Company shall submit, within 30 days after service of a copy of this Order upon the defendant, an accounting to plaintiff for all payroll weeks for which the Company deducted funds from any employee's wages which have not been submitted as of the date judgment is entered and shall continue to submit the weekly payroll reports when due thereafter, and

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Company and Castellano shall pay, jointly and severally, to plaintiff, within ten days after service of a copy

of this Order upon the defendant, all contributions determined to be due pursuant to the CBA for all weeks that are unpaid as of the date judgment is entered and thereafter; and

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this judgment shall be without prejudice to the right of plaintiff to audit the books and records of the Company for any time period and to collect any contributions found to be due and owing as a result of any such audit.

SO ORDERED.

Dated: 1-14-09
Brooklyn, New York

s/John Gleeson
U.S.D.J.